UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| VIRGINIA CULVER and EDWARD JEFFERSON<br><br>      Plaintiffs,<br><br>  v.<br><br>MARY ANN WARDLOW and THE BOROUGH OF LAWNSIDE<br><br>      Defendants. | HONORABLE JOSEPH E. IRENAS<br><br>CIVIL ACTION NO. 11-6390<br>(JEI/KMW)<br><br>**OPINION** |

**APPEARANCES:**

F. Michael Daily, Jr.
Sentry Office Plaza
216 Haddon Avenue
Suite 100
Westmont, NJ 08108
    Counsel for Plaintiffs

WHITE & WILLIAMS, LLP
David M. Ragonese
Liberty View
457 Haddonfield Road
Suite 400
Cherry Hill, NJ 08002
    Counsel for Defendants

**IRENAS**, Senior District Judge:

    Presently before the Court, Defendants move for judgment on the pleadings pursuant to Fed.R.Civ.P. 12(b)(6).  (Dkt. No. 10) For the following reasons the Motion will be granted in part and denied in part.

1

I.

For the purposes of this Motion, the allegations in the Complaint will be accepted as true.[1]  On election day, November 3, 2009, Plaintiffs were Republican candidates for city council.  (Compl. ¶ 9-11)  Plaintiff Jefferson, an African American male, arrived at Lawnside Borough Hall early in the morning to meet and greet voters.  (Compl. ¶ 12)  At all times, Jefferson obeyed New Jersey laws requiring candidates to observe a 100 foot perimeter around voting locations.  (*Id.*)

Later in the afternoon, Defendant Wardlock, city council member, made four telephone calls to the New Jersey State Police in which she falsely reported that a black male with dreadlocks was causing a disturbance.  (*Id.* at ¶¶ 4, 15-16)  Wardlock did not inform the police that Jefferson was a candidate.  (*Id.* at ¶ 17)

Upon arrival, the state police confronted Jefferson and ordered him to leave the premises.  (*Id.* at ¶ 19)  Jefferson and bystanders, however, were able to convince the officers that Jefferson was a candidate.  (*Id.* at ¶ 20-21)  The police, evidently not fully crediting the story, limited Jefferson's movements and prevented Jefferson from continuing to meet and greet voters.  (*Id.* at ¶¶ 22-23)  Ultimately, out of 1,000 votes

---

[1] The Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331.

cast, Jefferson lost the election by a 44 vote margin and Culver by a margin of 75 votes. (*Id.* at ¶¶ 24-25)

On October 31, 2011, Plaintiffs brought claims pursuant to § 1983 and the New Jersey Civil Rights Act for violations of their First and Fourteenth Amendment rights under both the federal and New Jersey constitutions. On December 27, 2011, Defendants filed the present Motion for Judgment on the pleadings.

## II.

A Fed.R.Civ.P. 12(c) motion for judgment on the pleadings is merely another method to raise a motion for failure to state a claim. Federal Rule of Civil Procedure 12(b)(6) provides that a court may dismiss a complaint "for failure to state a claim upon which relief can be granted." In order to survive a motion to dismiss, a complaint must allege facts that raise a right to relief above the speculative level. *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555 (2007); *see also* Fed. R. Civ. P. 8(a)(2).

While a court must accept as true all allegations in the plaintiff's complaint, and view them in the light most favorable to the plaintiff, *Phillips v. County of Allegheny*, 515 F.3d 224, 231 (3d Cir. 2008), a court is not required to accept sweeping legal conclusions cast in the form of factual allegations, unwarranted inferences, or unsupported conclusions. *Morse v.*

3

*Lower Merion Sch. Dist.*, 132 F.3d 902, 906 (3d Cir. 1997). The complaint must state sufficient facts to show that the legal allegations are not simply possible, but plausible. *Phillips*, 515 F.3d at 234. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 1949 (2009).

### III.

Defendants make arguments to dismiss both state and federal Counts in the Complaint. The claims brought under § 1983 and the NJCRA will be analyzed together because they require the same proofs. *See, e.g., Chapman v. N.J.*, 2009 WL 2634888, *2 (D.N.J. 2009) (citing *Allen v. Fauver*, 167 N.J. 69, 74 (2001).

### A.

Two observations warrant preliminary attention. First, the Complaint hardly mentions Plaintiff Culver. The only allegations specific to Culver are that she ran for city council and that she lost. (*See* Compl. ¶¶ 1, 25) Although Plaintiffs' brief argues that anything that affected Jefferson inherently affected Culver,

that allegation is not in the Complaint.[2] (*See* Br. Pl. 8)  This dearth of factual content is insufficient to establish a claim. Accordingly, the Motion will be granted with respect to Plaintiff Culver's claims.

Second, Plaintiffs have provided no basis for municipal liability.  In actions brought pursuant to § 1983, "a municipality cannot be held liable . . . on a *respondeat superior* theory."  *Monell v. Dep't of Soc. Servs. of New York*, 436 U.S. 658, 691 (1978).  Instead, Plaintiffs must "provide evidence that there was a relevant [municipal] policy or custom, and that the policy caused the constitutional violation they allege."  *Natale v. Camden County Corr. Facility*, 318 F.3d 575, 583-84 (3d Cir. 2003).

A policy is made "when a decisionmaker possess[ing] final authority to establish municipal policy with respect to the action issues a final proclamation, policy or edict."  *Id.* at 584 (quoting *Pembaur v. City of Cincinnati*, 475 U.S. 469, 481 (1986)).  Here, Wardlow made no official policy, but rather made a rogue decision when she allegedly called the police to subvert a political adversary.  Although Plaintiffs argue that Wardlow's status as a city council member automatically converted her actions into a municipal policy, the argument has little merit.

---

[2] The Court cannot credit counsel's representations as facts sufficient to overcome a motion to dismiss.

5

Wardlow's actions did not constitute "a final proclamation, policy or edict."  *Id.*

On the other hand, an act becomes a custom when, though not authorized by law or a decisionmaker, it "is so widespread as to have the force of law."  *Bd. of Cnty. Com'rs of Bryan County, Oklahoma v. Brown*, 520 U.S. 397, 404 (1997).  Here, Plaintiff alleges no widespread custom of incumbents lying to the police to subvert political adversaries.  Rather, Plaintiffs allege that Wardlow specifically acted to prevent Jefferson from interacting with voters on election day.

Furthermore, Plaintiffs' argument that a previous judgment entered against Lawnside for a wholly unrelated violation of free speech somehow establishes a custom is without merit.  *See* Jury Verdict Form, Citizens for a Better Lawnside v. Bryant, Civ. No. 05-4286, (D.N.J. May 22, 2008), ECF No. 110.  One isolated First Amendment violation three years prior to the alleged misconduct here does not establish a municipal custom.  Accordingly, the Motion will be granted with respect to the Borough of Lawnside.[3]

**B.**

The only remaining claims are those of Jefferson against Wardlow. Defendants make two arguments for dismissal: (1)

---

[3] Any argument that the Borough of Lawnside could be responsible for the New Jersey State Police's actions is likewise without merit.

6

Jefferson cannot establish proximate causation, (2) Jefferson lacks standing to sue.

With respect to the first argument, there are three elements to establish a retaliation claim: "[F]irst, that he engaged in protected activity; second, that the Government of Police Department responded with retaliation; and third that his protected activity was the cause of the Government's retaliation."  *Anderson v. Davila*, 125 F.3d 148, 161 (3d Cir. 1997).

Here, Wardlow lied to the police in order to prevent Jefferson from electioneering.  The causal link is not severed merely because the police - as opposed to Wardlow herself - physically restrained Jefferson.  While the police may have independently been a contributing factor for failing to adequately substantiate Wardlow's fabrications, that fact alone does not sever the causal chain.

With respect to the second argument, standing requires (1) an injury in fact that (2) is fairly traceable to the alleged misconduct and (3) can be remedied by the court.  *See Interfaith Cmty. Org. V. Honeywell Intern., Inc.*, 399 F.3d 248, 254-55 (3d Cir. 2005).  Defendants only argue a failure under the second element.

However, the fairly traceable requirement is less stringent than the causal link required under § 1983.  *Id.* at 257 (noting

7

that the fairly traceable standard does not require a showing that defendants' actions alone caused plaintiffs' harm to a scientific certainty).  Having determined that Jefferson alleged enough to withstand an attack on causation under § 1983, the fairly traceable argument must also fail.  Accordingly, the Motion will be denied with respect to Jefferson's claims against Wardlow.

### IV.

The Motion will be granted in part and denied in part.  The Motion will be granted with respect to all claims against Borough of Lawnside and Culver's claims against Wardlow.  The Motion will be denied as to Jefferson's claims against Wardlow.  Plaintiffs will be granted leave to file a motion to amend the Complaint within 14 days of this Opinion. *See Phillips v. County of Allegheny*, 515 F.3d 224, 245 (3d Cir. 2008) (holding that district courts "must permit a curative amendment unless such an amendment would be inequitable or futile.").  An appropriate Order accompanies this Opinion.

Dated: 3/1/12

/s/ Joseph E. Irenas

**JOSEPH E. IRENAS, S.U.S.D.J.**